United States District Court
Southern District of Texas
**ENTERED**
November 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **NELY YOHANA TORRES-HUETE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-49** |
| | § | |
| **TODD BLANCHE, et al.,** | § | |
| **Respondents.** | § | |
| | § | |

**INDICATIVE RULING UNDER RULE 62.1**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1); Respondents' Motion for Summary Judgment Based on Intervening Fifth Circuit Authority, (Dkt. No. 45); Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. No. 27); and Petitioner's Motion for Prompt Ruling and Notice to the Court Regarding Length of Detention, (Dkt. No. 31).

The Court previously entered an order granting Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 40). The Court enjoined Respondents from removing Petitioner to a third country, Mexico, without providing Petitioner with a meaningful opportunity to seek fear-based protection as to the identified country of removal by an Immigration Judge. (*Id.*). Respondents appealed that ruling. (Dkt. No. 41). Respondents subsequently filed their Motion for Summary Judgment Based on Intervening Fifth Circuit Authority, (Dkt. No. 45), relying on the Fifth Circuit's decision in *Gakou v. Warden of Prairieland Det. Ctr.*, No. 26-10925, 2026 WL 3044209, at *1 (5th Cir. Oct. 10, 2026). In supplemental briefing ordered by the Court, Respondents recognize that the Court "may lack jurisdiction to rule on Respondents' Motion for Summary Judgment[,]" but suggest that the Court should enter an indicative ruling under Rule 62.1. (Dkt. No. 51 at 2–4). Respondents argue that

Petitioner remains detained because of the Court's injunction, and that Respondents are ready and able to remove Petitioner to Mexico. (*Id.*).

The issue now before the Court is whether the intervening authority of the Fifth Circuit's opinion in *Gakou* forecloses the relief the Court previously granted Petitioner and whether the Petition should be denied. Because the Court finds that it does not have jurisdiction to reconsider its preliminary injunction while Respondents' appeal remains pending, the Court enters this indicative ruling that, if the Court obtains jurisdiction via remand, Respondents' Motion for Summary Judgment Based on Intervening Fifth Circuit Authority, (Dkt. No. 45), should be granted, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), should be denied, and the Court's preliminary injunction should be dissolved.

## I. BACKGROUND

In August 2020, Petitioner, a native and citizen of Honduras, was ordered removed to Honduras and simultaneously granted CAT protection from removal to Honduras. (Dkt. No. 35-3 at 10; Dkt. No. 40 at 2). As the Court described in its prior orders, Petitioner argues that after she was granted CAT protection, she was released on an Order of Supervision (OSUP). (*See* Dkt. No. 40 at 2; Dkt. No. 35-2 at 2). Petitioner states that her OSUP was revoked and she was re-detained on August 9, 2025. (Dkt. No. 35-2 at 2). Petitioner filed her Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on November 10, 2025. (Dkt. No. 1). The Petition was not before this Court until January 14, 2026. (Dkt. No. 20).

The Court previously entered an order granting Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 40). The Court enjoined Respondents from removing Petitioner to a third country, Mexico, without providing Petitioner with a meaningful opportunity to seek fear-based protection as to the identified country of removal by an Immigration Judge. (*Id.*). Respondents appealed the Court's order, and that appeal remains pending with the Fifth Circuit. (Dkt. No. 41).

On October 10, 2026, ten days after Respondents filed their Notice of Appeal, the Fifth Circuit issued an opinion denying a petitioner's request to stay third-country removal. *Gakou v. Warden of Prairieland Det. Ctr.*, No. 26-10925, 2026 WL 3044209, at *1 (5th Cir. Oct. 10, 2026). The petitioner in *Gakou* was a native of Senegal who was set

to be deported immediately to Sierra Leone. *Id.* Petitioner did not have a meaningful opportunity to address his fear-based claims as to the third country of Sierra Leone during his removal proceedings, and the final order of removal did not mention Sierra Leone. Pet'r-Appellant's Emergency Mot. Stay Removal Pending Appeal at 7–9, *Gakou*, 2026 WL 3044209 (5th Cir. Oct. 9, 2026). The Fifth Circuit held that courts do not have jurisdiction to stay such a removal pursuant to 8 U.S.C. § 1252(g). *Gakou*, 2026 WL 3044209, at *1. The Fifth Circuit also explained that "the Supreme Court has effectively ratified third-country removal . . . when it granted certiorari . . . while still explicitly permitting the government to continue with third-country removals unabated pending full resolution on the merits." *Id.* (citing *Dep't of Homeland Sec. v. D.V.D.*, No. 26-426, 2026 WL 2917860 (U.S. Sept. 29, 2026)).

Three days after *Gakou* was published, Respondents filed their Motion for Summary Judgment Based on Intervening Fifth Circuit Authority. (Dkt. No. 45). Respondents argue that *Gakou* forecloses the relief Petitioner seeks, and thus, "the Court should grant summary judgment for the Government, deny the habeas petition in full, and issue a final judgment." (*Id.*). Respondents argue that Petitioner remains detained because of the Court's injunction, and that Respondents are ready and able to remove Petitioner to Mexico. (*Id.*).

In response, Petitioner argues that Respondents' briefing is inadequate and that Petitioner's injunction is materially different from a circuit court's stay of removal. (Dkt. No. 47 at 2–6). Petitioner also argues that Respondents failed to address the merits of the underlying Petition by failing to address the standard under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner next argues that the Court lacks jurisdiction over the preliminary injunction while on appeal and that Respondents' Motion attempts to indirectly attack the preliminary injunction instead of addressing the underlying merits of the Petition. (Dkt. No. 47 at 9–11).

In reply, Respondents recognize that the Court "may lack jurisdiction to rule on Respondents' Motion for Summary Judgment[,]" but Respondents argue that the Court should enter an indicative ruling under Rule 62.1. (Dkt. No. 51 at 2–4). The Court considers this to be a motion for an indicative ruling under Rule 62.1. Respondents also argue the Petitioner's removal is significantly likely in the reasonably foreseeable future

and that "[t]he sole impediment to Petitioner's removal is the preliminary injunction entered in this litigation." (*Id.* at 4–5).

## II. DISCUSSION

### A. The Court Lacks Jurisdiction to Rule on the Petition or Respondents' Motion for Summary Judgment But Will Issue an Indicative Ruling

The Fifth Circuit has held that "[a]n appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation." *Satanic Temple, Inc. v. Tex. Health & Human Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023). However, "[a] notice of appeal from an appealable order divests the district court of jurisdiction over aspects of the case on appeal." *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 536 (5th Cir. 2024).

The Court does not have jurisdiction to reconsider its preliminary injunction based on an intervening change in the law while Respondents' appeal remains pending. Also, the Court likely does not have jurisdiction to rule on the underlying Petition while the appeal remains pending, because entitlement to relief in the Petition is inextricably intertwined with the basis for the preliminary injunction. Thus, the Court issues this indicative ruling under Rule 62.1. Fed. R. Civ. P. 62.1; *see also Olali v. CVS, Inc.*, No. 24-10571, 2024 WL 5265543, at *1 (5th Cir. June 27, 2024) (stating that Rule 62.1 allows a district court to indicate how it would rule on a motion if the court of appeals were to confer jurisdiction).

### B. The Court's Indicative Ruling

Binding precedent recently issued by the Fifth Circuit dictates that courts do not have jurisdiction to stay a third-country removal pursuant to 8 U.S.C. § 1252(g). *Gakou*, 2026 WL 3044209, at *1. Thus, if the case were remanded, the Court would deny Petitioner's Petition, grant Respondent's Moton for Summary Judgment, and dissolve the preliminary injunction.

The merits of Petitioner's claims depend on whether there is a significant likelihood of her removal in the reasonably foreseeable future. In *Zadvydas*, the Supreme Court explained that 8 U.S.C. § 1231(a)(6), "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," and "does not permit indefinite detention." 533 U.S. at 689. The Court

established a "6-month presumption" of reasonableness following the issuance of a removal order. *Id.* at 701. After the six-month period of "presumptively reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701; *see also Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (denying a *Zadvydas* claim where petitioner offers "nothing beyond conclusory statements"). Once a petitioner meets their burden, the burden shifts to the respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

The evidence provided by Respondents demonstrates a significant likelihood of removal in the reasonably foreseeable future. Respondents provided a declaration from a detention and deportation officer stating that Mexico accepted Petitioner for removal on July 16, 2026. (Dkt. No. 51-1 at 2). The declaration further states that there are no impediments to executing the removal order. (*Id.*).

Petitioner asserts that removal to a third country would violate her due process rights because Respondents have not provided an IJ review of her negative fear determination. However, binding precedent recently issued by the Fifth Circuit Court of Appeals dictates that courts do not have jurisdiction to stay a third-country removal pursuant to 8 U.S.C. § 1252(g). *Gakou*, 2026 WL 3044209, at *1. The Court finds no substantive distinction between the stay addressed in *Gakou* and the preliminary injunction issued in this case. The relevant procedural background of *Gakou* is similar, and its holding applies to this case. It appears that the relief sought by Petitioner in this proceeding is squarely foreclosed by *Gakou*.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondents' request for an indicative ruling. If granted jurisdiction, Respondents' Motion for Summary Judgment Based on Intervening Fifth Circuit Authority, (Dkt. No. 45), should be granted, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), should be denied, and the Court's preliminary injunction should be dissolved.

It is so **ORDERED**.

**SIGNED** on November 20, 2026.

John A. Kazen
United States District Judge